UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**Agustin VERA-Fonseca**<br><br>　　　　Defendant. | Magistrate Case No. **08 MJ 0788**<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry After<br>Deportation |

The undersigned complainant being duly sworn states:

On or about **March 11, 2008**, within the Southern District of California, defendant **Agustin VERA-Fonseca,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　SIGNATURE OF COMPLAINANT
　　　　　　　　　　　　　　　　　　　　Sara Esparagoza, United States Customs
　　　　　　　　　　　　　　　　　　　　and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 12th DAY OF **March, 2008.**

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**Probable Cause Statement**

On March 11, 2008 at approximately 9:30 PM., a male individual later identified as **Agustin VERA-Fonseca (Defendant)**, attempted to enter the United States from Mexico at the San Ysidro, California Port of Entry, via the vehicle primary lanes. Defendant presented a DSP-150 Laser Visa card bearing the name of Jose Antonio Rocha Inzunza as his entry document to a Customs and Border Protection (CBP) Officer. Defendant claimed he was going to Chula Vista, California to go shopping. The CBP Officer noticed Defendant was an impostor to the document presented, conducted an inspection of the vehicle and discovered an unknown number of individuals concealed in the trunk. The vehicle and its occupants were escorted to secondary for further inspection.

During secondary inspection, Defendant's fingerprints were obtained and queried through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT/IAFIS returned a match to the query, identifying Defendant as a citizen of Mexico and a previously removed alien.

Further queries utilizing the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed Defendant to be a citizen of Mexico without legal documents to enter the United States. CIS and DACS system queries reveal Defendant was granted voluntary departure by an Immigration Judge on August 8, 2000. On or about June 19, 2001 Defendant was issued a Final Administrative Removal Order. Immigration service records contain no evidence that Defendant has applied for nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re enter the United States.

During a videotaped proceeding, Defendant was advised of his Miranda Rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. Defendant admitted he is a citizen and native of Mexico by virtue of birth in Puerto Vallarta, Jalisco, Mexico. Defendant admitted he was previously deported from the United States by an Immigration Judge. Defendant further admitted he attempted to enter the United States from Mexico by presenting a DSP-150 card not belonging to him, that he was going to Wasco, California to seek employment and that he has not applied for nor received permission to legally re-enter the United States.